UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLUMBIAN CHEMICALS COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-1617 |
| | § | |
| GEAR REDUCER SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER TRANSFERRING CASE

Pending before the Court is the plaintiff's, Columbian Chemicals Company (the "plaintiff"), motion to remand. (Dkt. No. 7). In its motion, the plaintiff argues that the above-styled civil action was improperly removed to this Court in violation of 28 U.S.C. § 1441(a),[1] and seeks an Order from this Court remanding the action to the 16th Judicial District Court for the Parish of St. Mary, Louisiana, where it was originally filed and assigned Case No. 130976 Div. "F". (*Id.*). The defendants, Gear Reducer Services, LLC, Thomas Frank, and Victor Frank (collectively, the "defendants"), in their response filed in opposition to the plaintiff's motion to remand, do not dispute that venue of this action is improper here, but rather maintain that venue is proper in the District Court for the Western District of Louisiana, Lafayette Division--the federal district court embracing the place where the action was originally filed. (*See* Dkt. No. 9). As such, the defendants contend that this Court should deny the plaintiff's motion to remand and

---

[1] 28 U.S.C. § 1441(a) provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a)

transfer this action to the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1406(a). This Court agrees.

The parties do not dispute that this Court has subject matter jurisdiction over this controversy in accordance with 28 U.S.C. § 1332, given the amount in controversy and the parties' diversity of citizenship. (*See* Dkt. No. 7-1 at 3; *see also* Dkt. No. 9 at 3). However, where, as here, venue is placed in the wrong division or district, a district court may, pursuant to 28 U.S.C. § 1406(a), raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). Specifically, § 1406(a) provides that "[the] district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, the Fifth Circuit has instructed, when "there is no doubt that the district court ha[s] subject matter jurisdiction," "removal to the wrong division [or district] is procedural, not jurisdictional." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citations omitted). Under such circumstances, a district court should "transfer[ ] the case to the [correct] division [or district] under the authority of 28 U.S.C. § 1406(a)." *Kreimerman*, 22 F.3d at 645; *see also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996) ("When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue.") (internal citation omitted).

Based on the aforementioned authority, the plaintiff's motion to remand is **DENIED**. Accordingly, this case, having been improvidently removed from the 16th Judicial District Court for the Parish of St. Mary, Louisiana to the United States District Court for the Southern District of Texas, Houston Division, is hereby **TRANSFERRED** to the United States District Court for

the Western District of Louisiana, Lafayette Division, the district court to which it should have been removed.

All other relief not expressly granted is also **DENIED**.

It is so **ORDERED**.

SIGNED on this 11th day of July, 2017.

                                                                        _____
                                                                         Kenneth M. Hoyt
                                                                         United States District Judge